CHRISTOPHER R. LUCAS (SBN 95293)
LAW OFFICES OF GOFORTH & LUCAS
2001 Salvio Street, Suite 25
Concord, California 94520
TELEPHONE: (925) 682-9500
FACSIMILE: (925) 682-2353
EMAIL: crl@goforthlucas.com

Attorney for Plaintiff,
TEJINDAR P. SINGH & RAJINDER K. SINGH,
THE SINGH FAMILY PROPERTIES, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEJINDAR P. SINGH & RAJINDER K. SINGH, THE SINGH FAMILY PROPERTIES, L.P.<br><br>Plaintiff,<br><br>v.<br><br>INDYMAC BANK, F.S.B., SPECIALIZED LOAN SERVICING, LLC, AFFINIA DEFAULT SERVICES, LLC and DOES 1 to 20, ALL UNKNOWN PERSONS WHO CLAIM CURRENT RIGHT TO DEBT SECURED BY SECOND TRUST DEED WHICH CLOUDS TITLE TO 4272 GLAZIER COURT, CONCORD, CA 94521,<br><br>Defendants.<br>_____/ | **CASE NO.: 3:19-cv-05758-LB**<br>SUPERIOR CRT CASE NO.: C19-01235<br>DATE ACTION FILED: June 27, 2019<br><br>Assigned for ALL Purposes to<br>Hon. Laurel Beeler<br>Courtroom: B<br><br>**OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>DATE: November 14, 2019<br>TIME: 9:30 AM<br>PLACE: B<br><br>TRIAL DATE: Not Set. |

# TABLE OF AUTHORITIES

### Headings

| | |
|---|---|
| SUMMARY | 2 |
| NON JUDICIAL FORECLOSURE BY SLS, DESPITE SLS, INDYMAC ANSWERS FILED IN PLAINTIFFS 2015 LAWSUIT CHALLENGING INDYMAC DEED OF TRUST | 5 |
| PRIOR LITIGATION BARS CURRENT NON JUDICIAL FORECLOSURE BY SLS | 7 |
| THERE IS NO LAW THAT A DEBT CAN BE UNENFORCEABLE IN A COURT OF LAW BUT CAN YET BE NON JUDICIALLY ENFORCED | 10 |
| ESTOPPEL TO DENY HOLDER OF DEED OF TRUST WAS INDYMAC, A DEFENDANT IN PLAINTIFFS' 2015 LAWSUIT | 11 |

### Codes

| | |
|---|---|
| Code of Civil Procedure 426.30 (d) | 2 |
| Code of Civil Procedure 426.30 (b) | 7 |
| Civil Code 2903 | 8, 10 |
| Civil Code 2905 | 8, 10 |
| Civil Code 2911 | 8 |
| Civil Code 1511 | 9, 10 |
| Civil Code 1512 | 9, 10 |
| Civil Code 1515 | 9 |
| Code of Civil Procedure 525 | 9 |

| | |
|---|---|
| Code of Civil Procedure 526 | 3, 9 |
| Code of Civil Procedure 527 | 9 |
| Civil Code Sections 3384-3395 | 9 |
| Civil Code 3422 Sections 1-4 | 9 |
| Code of Civil Procedure 1060 | 3, 9 |
| Code of Civil Procedure 426.30 | 11 |

**Cases**

| | |
|---|---|
| Align Technology, Inc. v. Bao Tran (2009) 179 Cal App 4th 949, | 8 |
| Birman v. Loeb (1998) 64 Cal App 4th 503 | 11 |
| Ortiz v. Accredited Home Lenders, Inc (2009) 639 F. Supp. 1159 (SD Cal 2009) | 11 |
| Cosentino v. Coastal Construction Co (1994) 30 Cal App 4th 1712 | 11 |
| Gostin v. State Farm Insurance Co (1964) 22 Cal app 2nd 319, p. 325 | 13 |
| First American title Co V. Warehouse Lending Corporation (2009) 177 Cal App 106, page 117 | 13 |

Defendants INDYMAC BANK and SPECIALIZED LOAN SERVICING LLC Move to Dismiss the Complaint of the SINGH plaintiffs.

SUMMARY: Did Defendant SPECIALIZED LOAN SERVICING LLC, ("SLS") have to file a compulsory cross complaint when both SLS and INDYMAC filed ANSWERS to the SINGHS' 2015 Declaratory Relief and Quiet Title Complaint? As alleged in the SINGHS' 2015 Complaint, their tender of payment coupled with the inability of INDYMAC to re convey the disputed Deed of Trust, is the equivalent of full payment (although the INDYMAC Deed of Trust remains a cloud on title against the SINGHS' property).

There are *many reasons* why Defendant SLS is now barred from non-judicial foreclosure, relating to the fact that the SINGH plaintiffs had a right to pay off whatever loan was secured and obtain a re conveyance of the INDYMAC Deed of Trust, and did everything they could to tender payment and clear title to their property.

Defendant SLS cites inapplicable authority, for its semantic argument that a non judicial foreclosure is not an *"action" as defined* in Cal. Code of Civil Procedure 426.30 (d), Defendant SLS' main argument, that court action may be barred, but non judicial foreclosure can proceed, is not supported by any case Defendants cite.

LAW OFFICES OF GOFORTH & LUCAS

OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT        2

Defendant also argues that there is no cause of action for "injunction" or "declaratory relief" but there is ample black letter authority that supports causes of action based only on the need for injunctive relief, i. e. Code of Civil Procedure 526, or declaratory relief, Code of Civil Procedure 1060, discussed below.

Defendant SLS also argues a non-issue, *as if the SINGH plaintiffs are challenging an assignment*. Not so.

Plaintiffs' current lawsuit is based on the estoppel of the Defendants who filed Answers to Plaintiffs' 2015 Quiet Title and Declaratory Relief. Plaintiffs exhausted all possible avenues of tender of payment but Defendants could not re convey the INDYMAC Deed of Trust. Defendant SLS Answered the SINGHS' 2015 Complaint without filing any compulsory cross complaint, but now had commenced non judicial foreclosure as if nothing happened.

Defendant INDYMAC had not assigned the offending Deed of Trust, and filed an ANSWER to the SINGHS' 2015 Complaint, without filing any cross complaint, yet *could not tender re conveyance of the INDYMAC Deed of Trust*. Defendant INDYMAC only assigned the Deed of Trust to Deutsche Bank after Plaintiffs dismissed their futile 2015 Complaint.

The SINGH plaintiffs had to dismiss their 2015 Complaint because their lawsuit could not clear title of the INDYMAC Deed of Trust, as admitted by the Answering Defendants.

LAW OFFICES OF GOFORTH & LUCAS

OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT                      3

After Plaintiffs' dismissed their 2015 Complaint, Defendant INDYMAC, as beneficiary of the unassigned Deed of Trust moved, unsuccessfully, for attorneys' fees based on that instrument.

Thus INDYMAC admitted that it was the only assignee and beneficiary of the INDYMAC Deed of Trust. INDYMAC'S post dismissal motion for attorneys' fees was denied, based on the undisputed Declaration of Rajinder SINGH. Neither INDYMAC nor SLS could re convey the INDYMAC Deed of Trust upon Plaintiffs tender of payment.

Because the secured loan was no recourse, and was only enforceable against the security, the SINGHS' 2015 Complaint had no other reason than to obtain conveyance of the INDYMAC Deed of Trust.

Throughout Plaintiffs' vain 2015 lawsuit, Defendant SLS demanded payment of the loan but admittedly would not tender clear title in exchange. Defendant SLS litigated fiercely and ruinously despite neither Defendant having any ability to re convey the INDYMAC Deed of Trust in exchange for payment by the SINGHS.

After the Plaintiff's dismissed their 2015 Complaint without prejudice, in April of 2017, and INDYMAC'S Motion or Attorneys' fees was denied, Defendant SLS recorded a *Notice of* **Default on February 26, 2019,** the first step in a non-judicial foreclosure.

LAW OFFICES OF GOFORTH & LUCAS

OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT   4

NON JUDICIAL FORECLOSURE BY SLS, PLAINTIFFS 2015 LAWSUIT CHALLENGING INDYMAC DEED OF TRUST

When they were in contract to sell the property in April of 205, the SINGHS discovered a previously unknown lien against GLAZIER Ct. It had the earmarks of a previous embezzlement by a real estate agent/partner who referred a bookkeeper to them, and, with further aid of an escrow agent, had stolen $200,000.

The SINGHS sought pay off demands from INDYMAC, the only discernable holder of the otherwise unassigned Deed of Trust.

The SINGHS lawyer made numerous requests for PAY OFF demands, from May through July of 2015, directed to every possible address of INDYMAC, the of record beneficiary of the INDYMAC Deed of Trust.

In frustration, the SINGHS filed **their 2015 Complaint for Quiet Title and Declaratory Relief on August 6, 2015.**

When the SINGHS obtained a copy of the INDYMAC Deed of Trust, they saw that their initials were forged, and the property address on the instrument was crudely altered from GLAZIER to "**Galcier Ct**".

Discovery later revealed that the billing address for the purported credit line was to one of *their gas stations, in Dublin* rather than to their central billing address, which they used for all of their 6 other gas stations and 11 income properties.

Discovery in their 2015 lawsuit disclosed that the INDYMAC "Galcier Ct" credit line had been frozen in 2008 and the last payment made in 2011.

The SINGHS had never been aware of the credit line, which was easily confused with their INDYMAC/One West credit line for *the same amount*, with a similar date, also in second lien position against their home in Danville. They were convinced that if a loan had been obtained it was by embezzlement and that it had been deliberately concealed.

Nevertheless the SINGH'S only goal of their 2015 Declaratory Relief and Quiet Title was *to locate whatever party could re convey the INDYMAC Deed of Trust so that they could pay it, and sell GLAZIER CT*.

SPECIALIZED LOAN SERVICING LLC and INDYMAC FSB ultimately filed ANSWERS to the SINGHS' 2015 Complaint, but **neither filed any Cross Complaints**.

But, as the SINGHS' now allege, neither of the Answering Defendants, INDYMAC nor SLS, *would re convey the INDYMAC Deed of Trust*. The loan in question was a "no recourse" loan, so quieting title was their sole concern, and they had no means to litigate with SLS if they could not remove the cloud on their title to GLAZIER CT.

Therefore, the SINGHS dismissed their 2015 Complaint in April of 2017, *without prejudice*.

LAW OFFICES OF GOFORTH & LUCAS

OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT           6

On May 5, 2017 Defendant INDYMAC filed a post dismissal *motion for attorneys' fees*. Thus, the party with rights under the Deed of Trust was admitted to be INDYMAC.

On May 26, 2017, Plaintiff RAJINDER SINGH filed her *unrebutted* **Declaration in Opposition** [Exhibit 5 to Complaint]. *SINGH Declared that they dismissed because neither Defendant would or could tender the re conveyance of the INDYMAC Deed of Trust*

Defendant INDYMAC did not dispute her declaration that *neither Defendant, SLS or INDYMAC, could re convey the GLAZIER Ct Deed of Trust. The post dismissal INDYMAC motion for attorneys' fees was denied.*

PRIOR LITIGATION BARS CURRENT NON JUDICIAL FORECLOSURE BY SLS

SLS' rights to non-judicially enforce the GLAZIER Ct credit line are **forfeited** *by the failure of both INDYMAC and SLS to file compulsory cross complaints in the prior litigation, which alleged that redemption of the Glazier Ct lien was prevented by the creditor.*

Code of Civil Procedure 426.30 (b), **if a party against whom a complaint has been filed and served fails to allege in a cross complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the**

**plaintiff, such party may not thereafter OR in any other action assert against the plaintiff the related cause of action not pleaded.** Align Technology, Inc. v. Bao Tran (2009) 179 Cal App 4th 949, at 959:

"Thus a party cannot by negligence *or design,* withhold issues and litigate them in successive actions; he may not split his demands or defenses, he may not submit his case in piece meal fashion."

A non judicial enforcement obviously requires a legally enforceable debt.

A secured lender cannot non judicially enforce a debt that has been repaid, or is long defunct due to the expiration of the statute of limitations, or, barred by the same Answering Defendant's failure to file a compulsory cross complaint.

In addition, creditors must make redemption of the deed of trust possible, *and they did not.* In such a case the debtors' offer of payment is considered as if payment were made.

See Civil Code 2903, *every owner of property has the right to redeem a lien,* and Civil Code 2905:

"Redemption from a lien is made by performing, **or offering to perform**, the act for the performance of which it is a security"

Civil Code 2911 mandates that lien is extinguished by the lapse of time within which, under the Code of Civil Procedure

LAW OFFICES OF GOFORTH & LUCAS

OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT      8

OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT

(limitations periods) an action can be brought upon the principal obligation.

The SINGHS' 2015 Complaint sought to quiet title as to the very Deed of Trust which SLS would now non judicially enforce. So their time to enforce has expired.

Plaintiff's 2015 Complaint specifically pled: Civil Code 1511, and 1512, and Civil Code 1515:

"If performance of an obligation be prevented by the creditor the debtor is entitled to all of the benefits which he would have obtained if it had been performed by both parties…".

Under these facts Declaratory Relief and Injunction are both Causes of Action, not mere remedies improperly pled as causes of actions by Plaintiffs.

See Code of Civil Procedure 525, and 526: the issuance of a preliminary injunction can be granted based on a verified complaint (Code of Civil Procedure 527).

Civil Code sections 3384 – 3395, and Civil Code 3422 sections 1-4 provide that *final injunction* may be granted to prevent the breach of an obligation where the restraint would be necessary to prevent a multiplicity of actions.

Likewise, Declaratory Relief is a cause of action:

Code of Civil Procedure 1060 allows for Declaratory Relief To Ascertain Status or Construe Writing:

9

"Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another… may, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of *any question of construction or validity arising under the instrument or contract*".

As the SINGHS alleged in their verified 2015 Complaint:

"*Plaintiffs are unable to redeem or obtain conveyance or any demand, and thus suffer and continue to suffer clouded and unmarketable and uninsurable title*" (paragraph 5 and 6 of August 6, 2015 Complaint).

The SINGHS' 2015 Complaint truthfully alleged their undisputed *tender of full payment* under Civil Code 1511 and 1512, without creditor tender of re conveyance of the INDYMAC Deed of Trust, as Plaintiffs' alleged: "in derogation of plaintiff's right to redeem under Civil Code 2903, and Plaintiffs allege that they have offered and tendered under Civil Code 2905".

THERE IS NO LAW THAT A DEBT CAN BE UNENFORCEABLE IN A COURT OF LAW BUT CAN YET BE NON JUDICIALLY ENFORCED

<u>Defendant does not cite any case</u> which holds that non judicial foreclosure "does not qualify for an 'action' within the meaning of <u>Code of Civil Procedure</u> 426.30".

The principal case cited by Defendants, <u>Birman v. Loeb</u> (1998) 64 Cal App 4th 503 does not have anything to do with failure to file a compulsory cross complaint, but with equitable use of "set offs". <u>Ortiz v. Accredited Home Lenders, Inc</u> (2009) 639 F. Supp. 1159 (SD Cal 2009) likewise never mentions compulsory cross complaints but whether offsets which are barred by statute of limitations can be later asserted defensively to the creditor's claim. <u>Cosentino v. Coastal Construction Co</u> (1994) 30 Cal App 4th 1712 only holds that California Probate Code Section 9391 "does not apply to private non-judicial foreclosures brought under a power of sale to enforce a debt"

ESTOPPEL TO DENY HOLDER OF DEED OF TRUST WAS INDYMAC, A DEFENDANT IN PLAINTIFFS' 2015 LAWSUIT

As alleged in Plaintiffs' current Complaint, the attorney for INDYMAC and SLS, Tim Ryan, wrote to Plaintiffs attorney, on April 19, 2017. Ryan misrepresented that SLS would re convey:

*"We represent both the servicer and the note holder…**our client will re convey its lien in exchange for full payment of the loan in question**…*

OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT    11

LAW OFFICES OF GOFORTH & LUCAS

"As to your claim that our office is appearing in this litigation for the servicer only, I would ask that you review our clients' Answer filed in this case. The Answer provides that **we represent both the servicer and the note holder…**"

On May 3, 2016 Ryan again reiterated: " …SLS will most certainly re convey the deed of trust at issue upon payment of the amount due and owing as set forth in our April 10, 2016 response to payoff request…."

"Again, **our client will release the lien upon Ms. Singh's payment of the amount set forth in our April 10, 2016 response to pay off demand…**"

But ultimately, no corresponding tender of a re conveyance was ever forthcoming from INDYMAC or SLS. INDYMAC had assigned the Note to Deutsche Bank in 2005—but INDYMAC'S 2005 assignment was **not recorded until 2018.**

See the **unrebutted** DECLARATION OF RAJINDER SINGH [Exhibit 5, filed May 26, 2017]:

"… *no Answering party would or could re convey the cloud on our title, whether we paid a demand or not…*"

Defendant SLS yet argues that its non-judicial foreclosure can nevertheless proceed, even if the underlying note is unenforceable in a court of law.

**But, a right to enforce, judicially or non-judicially depends upon a valid and enforceable debt.**

LAW OFFICES OF GOFORTH & LUCAS

OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT     12

Please see <u>Gostin v. State Farm Insurance Co</u> (1964) 22 Cal app 2nd 319, p. 325: "An enforceable lien is dependent upon an existing obligation". <u>First American title Co V. Warehouse Lending Corporation</u> (2009) 177 Cal App 106, page 117. Any SINGH obligation on the purported 2005 Credit line secured by the INDYMAC Deed of Trust is barred.

The SINGHS' vain tender of payment is considered payment made, as a matter of law, and either INDYMAC or SLS could have and should have litigated the debt in the 2015 case.

There is no existing obligation upon which an enforceable lien can depend, so belated non-judicial foreclosure is not lawful and is barred and must be enforced and the proper declaratory and injunctive relief afforded.

Only after the Plaintiffs dismissed their futile 2015 Complaint, did INDYMAC assign the Deed of Trust (Exhibit 7 to SINGH current Complaint).

If a holder of an instrument loses the rights to foreclose, such as by a participation in a lawsuit without filing a cross complaint required by law, the subsequent transfer of those rights to a third party does not revive the lost right.

DATED: October 21, 2019          LAW OFFICES OF GOFORTH & LUCAS

_____
CHRISTOPHER R. LUCAS
Attorney for Plaintiffs SINGH
TEJINDAR P. SINGH & RAJINDER K.
SINGH, THE SINGH FAMILY
PROPERTIES, L.P.

<u>PROOF OF SERVICE</u>

I, declare that I am employed in the County of Contra Costa, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 2001 Salvio Street, Suite 25, Concord, California 94520. Upon this day, I served the attached;

**OPPOSITION TO MOTION BY DEFENDANT SPECIALIZED LOAN SERVICING LLC AND INDYMAC BANK, F.S.B TO DISMISS PLAINTIFFS' COMPLAINT**

ON:

Timothy M. Ryan, Esq.
Michael W. Stoltzman, Esq.
THE RYAN FIRM
30 Corporate Park, Suite 310
Irvine, CA 92606

[X]  <u>VIA MAIL – CCP §§ 1013(a), 2015.5:</u>
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United Stated Postal Service at Concord, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

[ ]  <u>VIA OVERNIGHT MAIL/COURIER – CCP §§ 1013(c), 2015.5:</u>
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

[ ]  <u>VIA FACSIMILE – CCP §§ 1013(e), 2015.5, CRC 2008:</u>
By arranging for facsimile transmission from facsimile number (925)682-2353 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

[ ]  <u>VIA HAND DELIVERY – CCP §§ 1011, 2015.5:</u>
By placing a true copy thereof in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day, in the ordinary course of my firm's business practice.

[ ]  <u>VIA ELECTRONIC MAIL – CCP §§ 1013, 1010.6:</u>
By serving, by electronic mail, true and correct copies of the documents on counsel of record after agreement for service in such a manner Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 21, 2019, at Concord, California.

cc: Client                                                S. Acosta