1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        San Francisco Division

11    TEJINDAR P. SINGH, RAJINDER K.           Case No. 19-cv-05758-LB
      SINGH, and THE SINGH FAMILY
12    PROPERTIES, L.P.,

13                Plaintiffs,                  **ORDER DISMISSING CASE**

                                               Re: ECF No. 7
14          v.

15    INDYMAC BANK, F.S.B., SPECIALIZED
      LOAN SERVICING, LLC, and AFFINIA
16    DEFAULT SERVICES, LLC.,

17                Defendants.

18

19                           **INTRODUCTION**

20        In this lawsuit, the plaintiffs ask to enjoin IndyMac Bank and Specialized Loan Servicing from

21   foreclosing on their real property, in part on the ground that the defendants waived their right to

22   foreclose by not filing a compulsory cross-complaint in the plaintiffs' 2015 lawsuit in state court

23   to quiet title to the property.[1] The defendants move to dismiss the complaint on two main grounds:

24

25   _____

     [1] Compl., Ex. 1 to Notice of Removal – ECF No. 1 at 9–10 (¶¶ 3–6), 14 (¶¶ 21–22). Citations refer to
26   material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page
     numbers at the top of documents. Affinia Default Services is a nominal defendant and filed a statement
27   of non-monetary status before IndyMac and Specialized Loan Servicing removed the case to federal
     court. Decl. of Non-Monetary Status, *Singh v. Indymac Bank*, Case MSC 19-01235 – Dkt. Entry
28   8/13/2019. All parties consented to the undersigned's jurisdiction. Consents – ECF Nos. 5, 10, 13.

     ORDER – No. 19-cv-05758-LB

1  (1) the compulsory cross-complaint rule does not apply to the pending nonjudicial foreclosure, and

2  (2) the plaintiffs are essentially challenging the assignment of the loan, and they lack standing to

3  do so.[2] The court grants the motion to dismiss.

4

5  **STATEMENT**

6  **1.  The Loan and Assignment of the Deed of Trust**

7     The plaintiffs bought the subject property (located in Concord, California) and obtained the

8  loan at issue in the litigation from IndyMac.[3] Tejinder P. Singh and Rajinder K. Singh signed the

9  loan agreement on December 23, 2005, and it was recorded that day.[4] The Singh Family Properties

10  was not a party to the loan agreement.[5] IndyMac assigned the deed of trust to Deutsche Bank on

11  December 28, 2005.[6] It was recorded on April 13, 2018.[7]

12

13  **2.  The Earlier Lawsuit to Quiet Title**

14     In August 2015, the plaintiffs sued the defendants to quiet title based on the "previously

15  unknown encumbrance [of the mortgage reflected on the Deed of Trust that they signed in

16  December 2005], and no entity would respond to Plaintiffs' inquiries with a Pay Off Demand

17  despite Plaintiffs['] repeated requests to the address listed on the INDYMAC Deed of Trust."[8] The

18  plaintiffs then sued the defendants in state court to quiet title to remove the mortgage encumbrance

19

20

---

21  [2] Mot. – ECF No. 7 at 3–4.

22  [3] Deed of Trust, Ex. 1 to Request for Judicial Notice ("RJN") – ECF No. 8 at 6–7. The court takes
judicial notice of the public-record loan and state-court documents and also can consider them under

23  the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005);
*Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Some of the documents also are attached

24  to the complaint. Exs. to Compl. – ECF No. 1.

   [4] Deed of Trust, Ex. 1 to RJN – ECF No. 8 at 6, 12.

25  [5] *Id.*

26  [6] Assignment of Deed of Trust, Ex. 2 to RJN — ECF No. 8 at 27.

27  [7] *Id.*

   [8] Compl., Ex. 1 to Notice of Removal – ECF No. 1 at 8–9 (¶ 2).

28

1    on the property.[9] The defendants answered the complaint but did not file a cross-complaint.[10] The

2    plaintiffs ultimately requested dismissal of the complaint without prejudice,[11] and the court

3    apparently dismissed the case.[12] The defendants apparently moved for their fees, and Rajinder

4    Singh submitted a declaration in opposition to that fees motion and explained why he dismissed

5    the case without prejudice (generally, he said, because the defendants could not reconvey the

6    property).[13]

7

8    **3.  The Notice of Default and the Complaint Here**

9        On February 26, 2019, Affinia Default Services, as successor trustee, recorded a substitution

10   of trustee and a Notice of Default and Election to Sell the plaintiffs' property.[14]

11       On June 27, 2019, the plaintiffs filed this lawsuit in Contra Costa County Superior Court to

12   enjoin the sale and obtain declaratory relief.[15] In addition to their allegations (described above)

13   that they did not know about the deed of trust and asked for a pay-off demand, they "considered

14   the INDYMAC Deed of Trust and CREDIT Line to have been obtained by embezzlement and

15   noted that the address for billing was routed to one of their gas stations and not to their billing

16   address, and that the name of the property was misspelled as 'Galcier court' on the loan

17   instruments, and that no one had initialed any part of the INDYMAC DEED OF TRUST."[16]

18   Nonetheless, they sought a pay-off demand.[17] As to the alleged fraud:

19

20   [9] Compl. to Quiet Title, Ex. 1 to Compl. – ECF No. 8 at 1 at 33–68.

21   [10] Answers, Exs. 5–6 to RJN – ECF No. 8 at 73–87, 89–103; Compl. Ex. 1 to Notice of Removal –
     ECF No. 1 at 15 (¶ 26), 69–84, 85–100.

22   [11] Request for Dismissal, Ex. 7 to RJN – ECF No. 8 at 105–06.

23   [12] Mot. – ECF No. 7 at 4.

24   [13] Deed of Trust, Ex. 1 to RJN – ECF No. 8 at 10 (¶ 10 (fees provision); Singh Decl., Ex. 5 to Compl.
     – ECF No. 1 at 129–35).

25   [14] Substitution of Trustee, Ex. 8 to RJN – ECF No. 8 at 110; Notice of Default – Ex. 9 to RJN – ECF
     No. 8 at 112–16.

26   [15] Notice of Removal – ECF No. 1 at 2 (¶ 2); Compl. – ECF No. 1 at 7.

27   [16] Compl., Ex. 1 to Notice of Removal – ECF No. 1 at 10 (¶ 7) (capitalizations in the original).

28   [17] *Id.* (¶ 8).

1
2
3

[a]t all times prior to filing Plaintiffs' prior Complaint, Plaintiffs were unaware of the nature and amount of the CREDIT LINE, which had been obtained by embezzlement and falsification of documents, by Plaintiffs' employees. Plaintiffs had not knowingly made payments on any debt secured by the INDYMAC Deed of Trust nor were Plaintiffs aware of said encumbrance."[18]

4

IndyMac "received no payment since July of 2011, and had frozen said CREDIT LINE as of 2008

5

. . . ."[19] The defendants' answers in the quiet-title action were a "fraud on the court" because

6

Deutsche Bank charged off the credit line, but IndyMac never assigned the Deed of Trust to

7

Deutsche Bank and retained it.[20]

8

They also allege that the defendants did not dispute Mr. Singh's declaration that the defendants

9

could not reconvey the deed because Deutsch Bank had charged off the line of credit (the loan at

10

issue) and "[y]et said Defendants could have sought authorization from Deutsche Bank but

11

presumably failed to request any demand from Deutsch Bank in order to receive funds and

12

subtract servicing fees."[21] Moreover, they allege, the defendants cannot seek judicial foreclosure

13

because they did not file compulsory cross-claims in the earlier quiet-title action.[22]

14

The plaintiffs thus seek declaratory and injunctive relief "based on the preclusive effect and

15

collateral estoppel of the prior court ruling in favor of Plaintiffs, and based on said Defendants'

16

deliberate failure to file compulsory cross complaints," ask to bar "any enforcement of the Credit

17

Line by nonjudicial foreclosure based on the INDYMAC Deed of Trust," and ask for "quiet title

18

relief . . . to remove the cloud of title" on their property by "nullifying the INDYMAC Deed of

19

Trust."[23] They allege that the credit line is not enforceable because the statute of limitations

20

expired (since the last payment in 2011), because they tendered payment full payment under

21

"Civil Codes 1511 and 1512," and because the defendants prevented performance by not

22

23

24

[18] *Id.* at 14–15 (¶ 23).

25

[19] *Id.* at 15 (¶ 24).

[20] *Id.* at 16 (¶ 27).

26

[21] *Id.* at 13–14 (¶ 18).

27

[22] *Id.* at 14 (21), 16–17 (¶¶ 28–29).

[23] *Id.* at 16–17 (¶ 29).

28

1    responding to the plaintiffs' pay off demands and "later refusal to reconvey the INDYMAC Deed

2    of Trust despite Plaintiffs' tender of full payment."[24]

3        The complaint has three claims: (1) a claim for temporary and permanent injunction relief to

4    prevent foreclosure because the defendants failed to make compulsory cross-claims in the 2015

5    quiet-title lawsuit "and further reasons set forth in paragraph 24;" (2) a claim for injunctive relief

6    on the same grounds and based on the defendants' fraud by "demanding full payment without the

7    ability to reconvey the security instrument known as the INDYMAC Deed of Trust;" and (3) a

8    claim for declaratory relief and quiet title based on (a) "Select Loan Servicing's"[25] demanding full

9    payment of the note from the plaintiffs without tendering a reconveyance of the deed of trust, (b)

10   the defendants' failure to file compulsory crossclaims in the 2015 lawsuit, and (c) the defendants'

11   representation during the 2015 lawsuit that they represented the servicer and the note holder but

12   actually "WERE ONLY SERVICERS, and could not reconvey the INDYMAC Deed of Trust."[26]

13       Paragraph 24 reads in full:

14       At the time Plaintiffs filed Plaintiffs['] prior complaint, August 6, 2015, Defendant
         INDYMAC had admittedly received no payment since July of 2011, and had frozen

15       said CREDIT LINE as of 2008, and Plaintiffs denied knowing of said CREDIT
         LINE or the INDYMAC Deed of Trust until a title search in June of 2015 revealed

16       the INDYMAC Deed of Trust. The full amount of the CREDIT LINE was due in
         full at the time Plaintiffs filed their prior Complaint.[27]

17

18   On September 13, 2019, the defendants removed the suit here based on diversity jurisdiction.[28]

19   The defendants then moved to dismiss the complaint for failure to state a claim and (for the

20   plaintiffs' challenge to the assignment to Deutsche Bank) for lack of standing.[29] The court held a

21   hearing on November 14, 2019.

22

23   _____

     [24] *Id.* at 17–18 (¶ 30) (capitalizations in original).

24   [25] Presumably this is a typographical error, and the plaintiffs mean the defendant, Specialized Loan
     Servicing.

25   [26] *Id.* at 18–25 (¶¶ 31–38, ¶¶ 25–31) (capitalization in the original). At this point in the complaint, the
     paragraphs go up to 38 and restart at 25 and go up to 31.
26
     [27] *Id.* at 15 (¶ 24).
27
     [28] Notice of Removal – ECF No. 1.

28   [29] Mot. – ECF No. 7.

     ORDER – No. 19-cv-05758-LB            5

1  **STANDARD OF REVIEW**

2  **1.  Rule 12(b)(1)**

3      A complaint must contain a short and plain statement of the ground for the court's jurisdiction.

4  Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v.*

5  *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La*

6  *Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

7      A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee*,

8  227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are

9  themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's

10  allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News*

11  *Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). This is a facial attack. The court thus

12  "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most

13  favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

14  2003).

15      Standing pertains to the court's subject-matter jurisdiction and thus is properly raised in a Rule

16  12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22

17  (9th Cir. 2010).

18

19  **2.  Rule 12(b)(6)**

20      A complaint must contain a "short and plain statement of the claim showing that the pleader is

21  entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon

22  which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

23  A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the

24  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

25  recitation of the elements of a cause of action will not do. Factual allegations must be enough to

26  raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations

27  omitted).

28

1        To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which

2    when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

3    U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

4    the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

5    defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a

6    'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

7    unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are

8    merely consistent with a defendant's liability, it stops short of the line between possibility and

9    plausibility of 'entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*,

10   550 U.S. at 557).

11

12   **3.  Leave to Amend**

13       If a court dismisses a complaint, it should give leave to amend unless the "pleading could not

14   possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*,

15   848 F.3d 1161, 1182 (9th Cir. 2016) (citations and internal quotation marks omitted). "[L]eave to

16   amend may be denied when a plaintiff has demonstrated a 'repeated failure to cure deficiencies by

17   amendments previously allowed.'" *Id.* at 1183 (quoting *Eminence Capital, LLC v. Aspeon, Inc.*,

18   316 F.3d 1048, 1052 (9th Cir. 2003)).

19

20                                            **ANALYSIS**

21       The defendants move to dismiss the complaint for two main reasons: (1) the failure to file a

22   compulsory cross-claim in 2015 does not bar the 2019 nonjudicial foreclosure action, and (2) the

23   plaintiffs lack standing to challenge the assignment of the loan.[30] The court grants the motion on

24   both grounds.

25

26

27

───────────────

28   [30] Mot. – ECF No. 7 at 6–10.

1    First, the plaintiffs essentially invoke collateral estoppel — based on a 2015 quiet-title lawsuit

2    that they dismissed without prejudice — because the defendants did not cross-claim for judicial

3    foreclosure. That argument fails.

4    California Code of Civil Procedure 426.30(a) requires a defendant "to allege in a cross-

5    complaint any related cause of action which (at the time of serving his answer to the complaint) he

6    has against the plaintiff," and if he does not, the defendant "may not thereafter in any other action

7    assert against the plaintiff the related cause of action not pleaded."[31] Cal. Code Civ. P. 426.30(a);

8    *Crocker Nat. Bank v. Emerald*, 221 Cal. App. 3d 852, 864 (1990). A "related cause of action" is "a

9    cause of action which arises out of the same transaction, occurrence or series of transactions or

10   occurrences as the cause of action which the plaintiff alleges in his complaint. Cal. Code Civ. P.

11   426.10(c). As the defendants point out, a nonjudicial foreclosure action is not a judicial action

12   under California law. *See, e.g.*, *Rieger v. Wells Fargo Bank, Nat. Assoc.*, No. 3:13-0749-JSC, 2013

13   WL 1748045, at \*5 (N.D. Cal. Apr. 23, 2013) ("It is well-established that California's nonjudicial

14   foreclosure statutes, California Civil Code sections 2924 through 2924(k), exclusively govern

15   nonjudicial foreclosures.") (citing *Moeller v. Lien*, 25 Cal. App. 4th 822, 831 (1994). Moreover,

16   even if it were, the rule does not bar later-acquired claims. *See Crocker*, 221 Cal. App. 3d at 864

17   ("[Defendant] filed his answer in August 1980, and the second and third causes of action are based

18   on actions which allegedly took place in February 1982. Therefore, [defendant]'s second and third

19   causes of action are not compulsory cross-complaints"). This is a later-acquired claim.

20   The court thus dismisses the claims to the extent that they are predicated on the defendants'

21   failure to bring cross-claims in the 2015 quiet-title action.

22   Second, the plaintiffs want to quiet title by removing the deed of trust as an encumbrance. As a

23   ground for that claim, they allege in part that the defendants are only loan servicers and cannot

24   assert Deutsche Bank's right to foreclose on the deed of trust.[32] The defendants contend that the

---

[31] The parties do not address whether collateral estoppel applies here, where the plaintiffs dismissed
the complaint without prejudice.

[32] *See* Mot. – ECF No. 7 at 8–9; Reply – ECF No. 14 at 4–5.

ORDER – No. 19-cv-05758-LB                    8

1    plaintiffs are challenging their authority to act on the subject loan, and, citing *Jenkins v. JP*

2    *Morgan Chase Bank, N.A.*, argue that the plaintiffs lack standing to challenge their authority

3    because they are third-party beneficiaries.[33] *See* 216 Cal. App. 4th 497, 513–16 (2013). The

4    plaintiffs say that they are not challenging the assignment and instead raise it as part of their

5    estoppel argument that the court rejected in the previous section.[34] Because the court rejects the

6    estoppel argument, the assignment issue is academic, but the plaintiffs lack standing to attack the

7    assignment in any event. As the court understood the argument, it is the plaintiffs' contention that

8    IndyMac had the obligation to make the cross-claim in the 2015 lawsuit — even with an

9    assignment to Deutsche Bank — because the assignment was not recorded until April 13, 2018.

10   Even if the defendants recorded the assignment late, the assignment is not void, only voidable,

11   which means that the plaintiffs do not have standing to attack it in a wrongful-foreclosure claim.

12   *Asturias v. Nationstar Mortg. LLC*, No. 15-cv-03861-RS, 2016 WL 7175622, at \*3 (N.D. Cal.

13   Dec. 8, 2016) (citing *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016)

14   and *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 942–43 (2016)); *see Yvanova*, 62 Cal.

15   4th at 942–43) ("We conclude a home loan borrower has standing to claim a nonjudicial

16   foreclosure was wrongful because an assignment by which the foreclosing party purportedly took

17   a beneficial interest in a deed of trust was not merely voidable but void. . . .); *see also In re Turner*

18   *v. Wells Fargo Bank, N.A.*, 859 F.3d 1145, 1149–50 (9th Cir. 2017) (discussing *Saterbak*,

19   *Yvanova*, and *Jenkins*).

20       The court cannot discern any other basis for the plaintiffs' quiet-title claim. Generally, for

21   actions in equity, a borrower who seeks to quiet title and set aside instruments such as the Notice

22   here must plead a present ability to tender the full amount of the debt. *Green v. Central Mortg.*

23   *Co.*, 148 F. Supp. 3d 852, 869 (N.D. Cal. 2015) (citations omitted). There are exceptions, such as a

24   borrower's attack on the underlying debt. *Id.* (citations omitted). The inquiry is within the court's

25   discretion, especially at the pleadings stage. *Id.* at 870. But the plaintiffs advance no viable theory.

26

27   ─────────────────
     [33] Mot. – ECF No. 7 at 8–9.

28   [34] Opp'n– ECF No. 11 at 5.

ORDER – No. 19-cv-05758-LB                    9

1    Their allegations about tender and the illegality of the debt are conclusory and do not plausibly

2    attack the underlying debt. The court dismisses the claim.

3        The defendants also contend that IndyMac has no association with the loan because IndyMac

4    assigned it to Deutsche Bank in 2005. Under circumstances like these, courts dismiss defendants

5    like IndyMac. *See, e.g., Suruki v. Ocwen Loan Servicing, LLC*, No. 15-cv-00773-JST, 2016 WL

6    7741734, at \*5 (N.D. Cal. July 22, 2016). The court dismisses the claims against IndyMac.

7        Finally, the plaintiffs argue that the statute of limitations bars the nonjudicial foreclosure.[35]

8    The statute of limitations might bar a judicial foreclosure, but it does not bar a nonjudicial

9    foreclosure. Cal. Civ. Code § 2911; *Rieger*, 2013 WL 1748045, at \*5 (California's nonjudicial

10    foreclosure statutes exclusively govern nonjudicial foreclosures); *Ung v. Koehler*, 135 Cal. App.

11    4th 186, 192–193 (2005).

## CONCLUSION

13        The court grants the motion to dismiss. To the extent that the claims are predicated on the

14    estoppel, assignment, and statute-of-limitations contentions, the dismissal is with prejudice

15    because the plaintiffs cannot cure the legal deficiencies in their claims with additional fact

16    allegations. The dismissal of claims against IndyMac is with prejudice for the same reason. The

17    plaintiffs may file an amended complaint in 21 days. If they file an amended complaint, they must

18    file as an attachment a blackline of the amended complaint against the current complaint. If they

19    do not file an amended complaint in 21 days, the court will enter judgment in favor of the

20    defendants.

21    **IT IS SO ORDERED.**

22    Dated: November 15, 2019

24    _____

25    LAUREL BEELER
    United States Magistrate Judge

---

28    [35] Compl. – ECF No. 1 at 17–18 (¶ 30).